# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| EXCO RESOURCES, INC., | § | Case No. 18-30155 (MI) |
| Debtor. | § | |
| Tax I.D. No. 74-1492779 | § | |
| In re: | § | Chapter 11 |
| EXCO GP PARTNERS OLD, LP, | § | Case No. 18-30156 (MI) |
| Debtor. | § | |
| Tax I.D. No. 16-1771262 | § | |
| In re: | § | Chapter 11 |
| EXCO HOLDING (PA), INC., | § | Case No. 18-30157 (MI) |
| Debtor. | § | |
| Tax I.D. No. 27-2481745 | § | |
| In re: | § | Chapter 11 |
| EXCO HOLDING MLP, INC., | § | Case No. 18-30158 (MI) |
| Debtor. | § | |
| Tax I.D. No. 46-1571972 | § | |
| In re: | § | Chapter 11 |
| EXCO LAND COMPANY, LLC, | § | Case No. 18-30159 (MI) |
| Debtor. | § | |
| Tax I.D. No. 46-4259981 | § | |

KE 48771564

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| EXCO MIDCONTINENT MLP, LLC, | § § § | Case No. 18-30160 (MI) |
| Debtor. | § § § | |
| Tax I.D. No. 26-3950557 | § | |
| In re: | § § § | Chapter 11 |
| EXCO OPERATING COMPANY, LP, | § § § | Case No. 18-30161 (MI) |
| Debtor. | § § § | |
| Tax I.D. No. 16-1771261 | § | |
| In re: | § § § | Chapter 11 |
| EXCO PARTNERS GP, LLC, | § § § | Case No. 18-30162 (MI) |
| Debtor. | § § § | |
| Tax I.D. No. 16-1771258 | § | |
| In re: | § § § | Chapter 11 |
| EXCO PARTNERS OLP GP, LLC, | § § § | Case No. 18-30163 (MI) |
| Debtor. | § § § | |
| Tax I.D. No. 16-1771252 | § | |
| In re: | § § § | Chapter 11 |
| EXCO PRODUCTION COMPANY (PA), LLC, | § § § | Case No. 18-30164 (MI) |
| Debtor. | § § § | |
| Tax I.D. No. 27-2847701 | § | |

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| EXCO PRODUCTION COMPANY (WV), LLC, | § § § | Case No. 18-30165 (MI) |
| Debtor. | § § | |
| Tax I.D. No. 27-2847851 | § | |
| In re: | § § | Chapter 11 |
| EXCO RESOURCES (XA), LLC, | § § § | Case No. 18-30166 (MI) |
| Debtor. | § § | |
| Tax I.D. No. 27-317775 | § | |
| In re: | § § | Chapter 11 |
| EXCO SERVICES, INC., | § § § | Case No. 18-30167 (MI) |
| Debtor. | § § | |
| Tax I.D. No. 26-1432747 | § | |
| In re: | § § | Chapter 11 |
| RAIDER MARKETING GP, LLC, | § § § | Case No. 18-30168 (MI) |
| Debtor. | § § | |
| Tax I.D. No. 81-3626366 | § | |
| In re: | § § | Chapter 11 |
| RAIDER MARKETING, LP, | § § § | Case No. 18-30169 (MI) |
| Debtor. | § § | |
| Tax I.D. No. 81-3634295 | § | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. A HEARING WILL BE HELD ON THIS MATTER FOR JANUARY 18, 2018, AT 2:30 P.M. (CT) BEFORE THE HONORABLE MARVIN ISGUR, 515 RUSK STREET, COURTROOM 404, HOUSTON, TEXAS 77002.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[1] respectfully state the following in support of this motion:

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) directing procedural consolidation and joint administration of these chapter 11 cases, and (b) granting related relief. The Debtors request that one file and one docket be maintained for all of the jointly-administered cases under the case of EXCO Resources, Inc. and that the cases be administered under a consolidated caption, as follows:

---

[1] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Tyler Farquharson, Chief Financial Officer and Treasurer of EXCO Resources, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on January 15, 2018 (the "Petition Date").

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| EXCO RESOURCES, INC., *et al.*,[1] | § § § | Case No. 18-30155 (MI) |
| Debtors. | § § § | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: EXCO Resources, Inc. (2779); EXCO GP Partners Old, LP (1262); EXCO Holding (PA), Inc. (1745); EXCO Holding MLP, Inc. (1972); EXCO Land Company, LLC (9981); EXCO Midcontinent MLP, LLC (0557); EXCO Operating Company, LP (1261); EXCO Partners GP, LLC (1258); EXCO Partners OLP GP, LLC (1252); EXCO Production Company (PA), LLC (7701); EXCO Production Company (WV), LLC (7851); EXCO Resources (XA), LLC (7775); EXCO Services, Inc. (2747); Raider Marketing GP, LLC (6366); and Raider Marketing, LP (4295). The location of the Debtors' service address is: 12377 Merit Drive, Suite 1700, Dallas, Texas 75251.

2. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors, other than EXCO Resources, Inc., to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration for procedural purposes only of the chapter 11 cases of: EXCO Resources, Inc., Case No. 18-30155; EXCO GP Partners Old, LP, Case No. 18-30156; EXCO Holding (PA), Inc., Case No. 18-30157; EXCO Holding MLP, Inc., Case No. 18-30158; EXCO Land Company, LLC, Case No. 18-30159; EXCO Midcontinent MLP, LLC, Case No. 18-30160; EXCO Operating Company, LP, Case No. 18-30161; EXCO Partners GP, LLC, Case No. 18-30162; EXCO Partners OLP GP, LLC, Case No. 18-30163; EXCO Production Company (PA), LLC, Case No. 18-30164; EXCO Production Company (WV), LLC, Case No. 18-30165; EXCO Resources (XA), LLC, Case No. 18-30166; EXCO Services, Inc., Case No. 18-30167; Raider Marketing GP, LLC, Case No. 18-30168; and Raider Marketing, LP, Case No. 18-

30169.  The docket in Case No. 18-30155 (MI) should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 18-30155 (MI).**

### Jurisdiction and Venue

4.  The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order").  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.  The statutory bases for the relief requested herein are sections 105(a) and 342(c) of title 11 of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

### Basis for Relief

7.  Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015.  The Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court

to grant the relief requested herein.  Bankruptcy Local Rule 1015-1 further provides for the joint administration of related chapter 11 cases.

8.    Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity.  The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections.  Joint administration also will allow the Office of the United States Trustee for the Southern District of Texas and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

9.    Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these chapter 11 cases.  Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Emergency Consideration

10.   Pursuant to Bankruptcy Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  As set forth in this motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm.  Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the

Debtors' operations at this critical juncture and imperil the Debtors' restructuring. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this motion on an emergency basis.

## Notice

11. The Debtors will provide notice of this motion to: (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' reserve-based revolving credit facility and counsel thereto; (d) the indenture trustee for the Debtors' 1.5 lien senior secured notes and counsel thereto; (e) the administrative agent and collateral trustee under the Debtors' 1.75 lien term loan facility and counsel thereto; (f) administrative agent under the Debtors' second lien term loan facility and counsel thereto; (g) the indenture trustee for the Debtors' 2018 senior notes; (h) the indenture trustee for the Debtors' 2022 senior notes; (i) counsel to the first lien agent; (j) counsels to certain 1.5 lien noteholders and 1.75 lien lenders; (k) counsel to the ad hoc noteholders committee; (l) counsel to a single large noteholder; (m) the United States Attorney's Office for the Southern District of Texas; (n) the Internal Revenue Service; (o) the United States Securities and Exchange Commission; (p) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; and (q) the state attorneys general for states in which the Debtors conduct business. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

12. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Respectfully Submitted,

Dated:  January 15, 2018

*/s/ Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Telephone: (214) 999-4526
Facsimile: (214) 999-3526
Email: mhelt@gardere.com
Michael K. Riordan (TX: 24070502)
Telephone: (713) 276-5178
Facsimile: (713) 276-6178
Email: mriordan@gardere.com
**GARDERE WYNNE SEWELL LLP**
1000 Louisiana St., Suite 2000
Houston, Texas 77002

- and -

Patrick J. Nash, Jr., P.C. (*pro hac vice* admission pending)
Alexandra Schwarzman (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: patrick.nash@kirkland.com
        alexandra.schwarzman@kirkland.com

- and -

Christopher T. Greco (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: christopher.greco@kirkland.com

*Proposed Counsel for the Debtors and Debtors in Possession*

**Certificate of Service**

      I certify that on January 15, 2018, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                    */s/ Marcus A. Helt*
                                                    Marcus A. Helt