**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| EXCO RESOURCES, INC., *et al.*,[1] | § § | Case No. 18-30155 (MI) |
| Debtors. | § § § § | (Joint Administration Requested) (Emergency Hearing Requested) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF
AN ORDER (I) AUTHORIZING CONSOLIDATED CREDITORS LISTS,
(II) AUTHORIZING REDACTION OF CERTAIN PERSONAL IDENTIFICATION
INFORMATION, (III) WAIVING THE REQUIREMENT TO FILE EQUITY
LISTS AND MODIFYING EQUITY HOLDER NOTICE REQUIREMENTS, AND
(IV) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF THE
COMMENCEMENT OF THE CHAPTER 11 CASES AND OTHER INFORMATION**

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. A HEARING WILL BE HELD ON THIS MATTER FOR JANUARY 18, 2018, AT 2:30 P.M. (CT) BEFORE THE HONORABLE MARVIN ISGUR, 515 RUSK STREET, COURTROOM 404, HOUSTON, TEXAS 77002.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: EXCO Resources, Inc. (2779); EXCO GP Partners Old, LP (1262); EXCO Holding (PA), Inc. (1745); EXCO Holding MLP, Inc. (1972); EXCO Land Company, LLC (9981); EXCO Midcontinent MLP, LLC (0557); EXCO Operating Company, LP (1261); EXCO Partners GP, LLC (1258); EXCO Partners OLP GP, LLC (1252); EXCO Production Company (PA), LLC (7701); EXCO Production Company (WV), LLC (7851); EXCO Resources (XA), LLC (7775); EXCO Services, Inc. (2747); Raider Marketing GP, LLC (6366); and Raider Marketing, LP (4295). The location of the Debtors' service address is: 12377 Merit Drive, Suite 1700, Dallas, Texas 75251.

KE 48771560

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] respectfully state the following in support of this motion:

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) authorizing the Debtors to file a consolidated creditor matrix and list of the 50 largest general unsecured creditors in lieu of submitting separate mailing matrices and creditor lists for each Debtor, (b) waiving the requirement to file a list of equity security holders and modifying the requirements for provision of notice to such holders, (c) authorizing the Debtors to redact certain personal identification information for individual creditors, and (d) approving the form and manner of notice of commencement of these chapter 11 cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order"). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties,

---

[2] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Tyler Farquharson, Chief Financial Officer and Treasurer of EXCO Resources, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on January 15, 2018 (the "Petition Date").

cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105, 345, 363, and 503 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Rule 9013-1(b) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

### Basis for Relief

**I.  Consolidated Creditor Matrix.**

5. Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H." Fed. R. Bankr. P. 1007(a)(1). Although the list of creditors usually is filed on a debtor-by-debtor basis, in a complex chapter 11 bankruptcy case involving more than one debtor, the debtors may file a consolidated creditor matrix.[3] Here, the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome. Accordingly, the Debtors respectfully request authority to file one consolidated list of creditors (the "Creditor Matrix") for all of the Debtors.

**II.  Consolidated List of 50 Largest General Unsecured Creditors.**

6. Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d). Because a large number of creditors may be shared amongst the Debtors, the Debtors request authority to file a single, consolidated list of their

---

[3] See *General Order in the Matter of Procedures for Complex Chapter 11 Cases*, Exhibit G, available at http://www.txs.uscourts.gov/sites/txs/files/tx_ch11_comp_rules.pdf.

50 largest general unsecured creditors (the "Top 50 List").  The Top 50 List will help alleviate administrative burdens, costs, and the possibility of duplicative service.  Although they reserve the right to do so in the future, in this motion, the Debtors are not requesting authority to file consolidated Schedules and Statements or substantively consolidate the Debtors.

### III. Equity Holder Lists.

7. Bankruptcy Rule 1007(a)(3) provides that, "unless the court orders otherwise, the debtor shall file within 14 days after entry of the order for relief a list of the debtor's equity security holders," including names and last known addresses of holders.  Fed. R. Bankr. P. 1007(a)(3).  Bankruptcy Rule 2002(d) provides that, "unless otherwise ordered by the court," notice shall be provided to all equity holders of the commencement of the case, any equity holders meeting under section 341 of the Bankruptcy Code, certain asset sales, conversion or dismissal hearings, the disclosure statement deadline, the confirmation objection deadline, and the voting deadline.  Fed. R. Bankr. P. 2002(d).

8. Debtor EXCO Resources, Inc. ("EXCO"), is a publicly-held company and, until December 2017, EXCO's common stock was listed on the New York Stock Exchange.  EXCO's common stock currently trades on the OTC Pink Marketplace.  For this reason, preparing a list of equity holders with accurate names and last known addresses, and providing notices to all such parties of the commencement of these chapter 11 cases, would create undue expense and administrative burden without a corresponding benefit to the estates or parties in interest.  As a result, the Debtors seek to waive the requirement to send notice of commencement of these chapter 11 cases to the equity holders.  To the extent equity holders are entitled to vote on a chapter 11 plan, the Debtors will provide them with the appropriate bar date and plan-related notices, which will permit them to assert their interests.  Under the circumstances, the Debtors

respectfully submit that it is appropriate for the Court to waive and modify these requirements accordingly, as expressly contemplated by the applicable Bankruptcy Rules.

**IV.     Redaction of Certain Confidential Information.**

9.      Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code.  11 U.S.C. § 107(c)(1)(A).  The Debtors respectfully submit that cause exists to authorize the Debtors to redact address information of individual creditors—many of whom are the Debtors' employees—from the Creditor Matrix because such information could be used to perpetrate identity theft.  The Debtors propose to provide an unredacted version of the Creditor Matrix to the Court, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), and any official committees appointed in these chapter 11 cases.

**V.      Service of the Notice of Commencement.**

10.     Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: the meeting of creditors under § 341 or § 1104(b) of the Code."  Fed. R. Bankr. P. 2002(a).  Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors.  *See* Fed. R. Bankr. P. 2002(f).

11.     Through Epiq Bankruptcy Solutions, LLC, the Debtors' proposed noticing, claims, and balloting agent (the "Noticing and Claims Agent"), the Debtors propose to serve the notice of commencement, substantially in the form attached as **Exhibit 1** to **Exhibit A** hereto (the "Notice of Commencement"), on all parties listed on the Creditor Matrix to advise them of

the meeting of creditors under section 341 of the Bankruptcy Code.  Service of the Notice of Commencement on the Creditor Matrix will not only avoid confusion among creditors, but will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Creditor Matrix.  Accordingly, the Debtors submit that service of the Notice of Commencement is warranted.

## Emergency Consideration

12.	In accordance with Bankruptcy Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  As set forth in this motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm.  Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this motion on an emergency basis.

## Notice

13.	The Debtors will provide notice of this motion to:  (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' reserve-based revolving credit facility and counsel thereto; (d) the indenture trustee for the Debtors' 1.5 lien senior secured notes and counsel thereto; (e) the administrative agent and

collateral trustee under the Debtors' 1.75 lien term loan facility and counsel thereto; (f) administrative agent under the Debtors' second lien term loan facility and counsel thereto; (g) the indenture trustee for the Debtors' 2018 senior notes; (h) the indenture trustee for the Debtors' 2022 senior notes; (i) counsel to the first lien agent; (j) counsels to certain 1.5 lien noteholders and 1.75 lien lenders; (k) counsel to the ad hoc noteholders committee; (l) counsel to a single large noteholder; (m) the United States Attorney's Office for the Southern District of Texas; (n) the Internal Revenue Service; (o) the United States Securities and Exchange Commission; (p) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; and (q) the state attorneys general for states in which the Debtors conduct business.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

14. No prior motion for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

        Respectfully Submitted,

*/s/ Marcus A. Helt*

Dated:  January 16, 2018

Marcus A. Helt (TX 24052187)
Telephone:  (214) 999-4526
Facsimile:  (214) 999-3526
Email:  mhelt@gardere.com
Michael K. Riordan (TX: 24070502)
Telephone:  (713) 276-5178
Facsimile:  (713) 276-6178
Email:  mriordan@gardere.com
**GARDERE WYNNE SEWELL LLP**
1000 Louisiana St., Suite 2000
Houston, Texas 77002

- and -

Patrick J. Nash, Jr., P.C. (*pro hac vice* admission pending)
Alexandra Schwarzman (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:  patrick.nash@kirkland.com
    alexandra.schwarzman@kirkland.com

- and -

Christopher T. Greco (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:  christopher.greco@kirkland.com

*Proposed Counsel for the Debtors and Debtors in Possession*

**Certificate of Service**

    I certify that on January 16, 2018, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                  */s/ Marcus A. Helt*
                                                  Marcus A. Helt