**<u>Exhibit A</u>**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § § § § § § § | Chapter 11 |
| EXCO RESOURCES, INC., *et al.*,[1] | | Case No. 18-30155 (MI) |
| Debtors. | | (Joint Administration Requested) |
| | | Re:  Docket No. __ |

**ORDER ESTABLISHING A RECORD DATE FOR NOTICE
AND SELL-DOWN PROCEDURES FOR TRADING
IN CERTAIN CLAIMS AGAINST THE DEBTORS' ESTATES**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Record Date Order"), (a) establishing an effective date for notification and sell-down procedures for trading in claims against the Debtors' estates, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  EXCO Resources, Inc. (2779); EXCO GP Partners Old, LP (1262); EXCO Holding (PA), Inc. (1745); EXCO Holding MLP, Inc. (1972); EXCO Land Company, LLC (9981); EXCO Midcontinent MLP, LLC (0557); EXCO Operating Company, LP (1261); EXCO Partners GP, LLC (1258); EXCO Partners OLP GP, LLC (1252); EXCO Production Company (PA), LLC (7701); EXCO Production Company (WV), LLC (7851); EXCO Resources (XA), LLC (7775); EXCO Services, Inc. (2747); Raider Marketing GP, LLC (6366); and Raider Marketing, LP (4295).  The location of the Debtors' service address is:  12377 Merit Drive, Suite 1700, Dallas, Texas 75251.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Within five (5) business days after the entry of this Record Date Order, the Debtors shall provide notice, substantially in the form attached hereto as **Exhibit 1**, to each of the Debtors' known creditors of the terms of this Record Date Order.

3. The Record Date Order Notice is deemed adequate and sufficient so that, if the Court ultimately approves a Sell-Down Order, claimholders that acquire claims after the date of this Record Date Order, namely the Record Date, in an amount that would entitle them to receive more than 4.5 percent of the stock of the reorganized Debtors, may be subject to a required sell-down of any claims purchased after the Record Date to the extent authorized by the Court after appropriate opportunity for notice and a hearing.

4. Entry of this Record Date Order shall in no way be deemed a determination of any kind that entry of a Sell-Down Order is necessary or warranted in these cases and this Court's review of any request for entry of a Sell-Down Order shall be without regard to entry of this Record Date Order.

5. The entry of this Record Date Order shall in no way prejudice the rights of any party to oppose the entry of a Sell-Down Order, on any grounds, and all parties' rights are expressly preserved hereby.

6. The requirements set forth in this Record Date Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules for the Southern District of Texas are satisfied by such notice.

8. All time periods set forth in this Record Date Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Record Date Order in accordance with the Motion.

10. Notwithstanding the applicability of Bankruptcy Rule 6003 and the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Record Date Order.

Dated: _____, 2018  
Houston, Texas

THE HONORABLE MARVIN ISGUR  
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**Proposed Record Date Order Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| EXCO RESOURCES, INC., *et al.*,[1] | § § | Case No. 18-30155 (MI) |
| Debtors. | § § § | (Joint Administration Requested) (Emergency Hearing Requested) |

## NOTICE OF ENTRY OF AN ORDER ESTABLISHING A
## RECORD DATE FOR NOTICE AND SELL-DOWN PROCEDURES
## FOR TRADING IN CERTAIN CLAIMS AGAINST THE DEBTORS' ESTATES

**TO: ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT HOLD CLAIMS AGAINST THE DEBTORS:**

**PLEASE TAKE NOTICE THAT** on January 15, 2018 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a petition with the United States Bankruptcy Court for the Southern District of Texas (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estate or property from the Debtors' estate or to exercise control over property of the Debtors' estate.

**PLEASE TAKE FURTHER NOTICE THAT** on the Petition Date, the Debtors filed the *Debtors' Emergency Motion for Entry of an Order Establishing a Record Date for Notice and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: EXCO Resources, Inc. (2779); EXCO GP Partners Old, LP (1262); EXCO Holding (PA), Inc. (1745); EXCO Holding MLP, Inc. (1972); EXCO Land Company, LLC (9981); EXCO Midcontinent MLP, LLC (0557); EXCO Operating Company, LP (1261); EXCO Partners GP, LLC (1258); EXCO Partners OLP GP, LLC (1252); EXCO Production Company (PA), LLC (7701); EXCO Production Company (WV), LLC (7851); EXCO Resources (XA), LLC (7775); EXCO Services, Inc. (2747); Raider Marketing GP, LLC (6366); and Raider Marketing, LP (4295). The location of the Debtors' service address is: 12377 Merit Drive, Suite 1700, Dallas, Texas 75251.

*Sell-Down Procedures for Trading in Certain Claims Against the Debtors' Estates* [Docket No. __] (the "Motion").

**PLEASE TAKE FURTHER NOTICE THAT** on _____, 2018, the Court entered the *Order Establishing a Record Date for Notice and Sell-Down Procedures for Trading in Certain Claims Against the Debtors' Estates* [Docket No. __] (the "Record Date Order") establishing an effective date for notice and the Sell-Down Procedures (as defined in the Motion) for trading in claims against the Debtors' estates. The "Record Date" is the date the Record Date Order was entered, namely _____, 2018.

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to the Record Date Order, claimholders and potential purchasers of claims against the Debtors are hereby notified that, if the Court ultimately approves a Sell-Down Order, claimholders that acquire claims after the Record Date in an amount that would entitle them to receive more than 4.5 percent of the stock of the reorganized Debtors under the Debtors' plan of reorganization may be subject to a required sell-down of any claims purchased after the Record Date.

**PLEASE TAKE FURTHER NOTICE THAT** all persons or entities that acquired debt claims against the Debtors after the Record Date and currently hold such claims in such an amount that the persons or entities holding such claims would be entitled to receive more than 4.5 percent of the equity of the reorganized Debtors under the Debtors' plan of reorganization shall be required to identify themselves to the Debtors after the Court's approval of the disclosure statement which identifies potential recoveries for creditors.

**PLEASE TAKE FURTHER NOTICE THAT** complete copies of the Motion and Record Date Order, with additional information about the Record Date and possible Sell-Down

Order, are available via PACER on the Court's website at https://ecf.txsb.uscourts.gov for a fee, or free of charge by accessing the Debtors' restructuring website at http://dm.epiq11.com/EXCO.

**PLEASE TAKE FURTHER NOTICE THAT**, the entry of the Record Date Order shall in no way prejudice the rights of any party to oppose the entry of a Sell-Down Order, on any grounds, and that all parties' rights are expressly preserved hereby.

**PLEASE TAKE FURTHER NOTICE THAT** the requirements set forth in this notice are in addition to the requirements of applicable law and do not excuse compliance therewith.

[*Remainder of page intentionally left blank*]

|  |  |
|---|---|
| | Respectfully Submitted, |
| Dated: _____, 2018 | _____ |
| | Marcus A. Helt (TX 24052187) |
| | Telephone:  (214) 999-4526 |
| | Facsimile:  (214) 999-3526 |
| | Email:  mhelt@gardere.com |
| | Michael K. Riordan (TX: 24070502) |
| | Telephone:  (713) 276-5178 |
| | Facsimile:  (713) 276-6178 |
| | Email:  mriordan@gardere.com |
| | **GARDERE WYNNE SEWELL LLP** |
| | 1000 Louisiana St., Suite 2000 |
| | Houston, Texas 77002 |
| | |
| | - and - |
| | |
| | Patrick J. Nash, Jr., P.C. (*pro hac vice* admission pending) |
| | Alexandra Schwarzman (*pro hac vice* admission pending) |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | 300 North LaSalle |
| | Chicago, Illinois 60654 |
| | Telephone:  (312) 862-2000 |
| | Facsimile:  (312) 862-2200 |
| | Email:  patrick.nash@kirkland.com |
| | alexandra.schwarzman@kirkland.com |
| | |
| | - and - |
| | |
| | Christopher T. Greco (*pro hac vice* admission pending) |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone:  (212) 446-4800 |
| | Facsimile:  (212) 446-4900 |
| | Email:  christopher.greco@kirkland.com |
| | |
| | *Proposed Counsel for the Debtors and Debtors in Possession* |