IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| EXCO RESOURCES, INC., *et al.*,[1] | § § | Case No. 18-30155 (MI) |
| Debtors. | § § § | (Jointly Administered) |

**STIPULATION AND AGREED ORDER
EXTENDING EXCLUSIVITY PERIODS AND CHALLENGE PERIOD**

The above-captioned debtors and debtors in possession (each a "Debtor," and collectively, the "Debtors"),[2] the Junior Secured Parties, and the Official Committee of Unsecured Creditors (the "Committee") hereby enter into this stipulation and order (this "Stipulation and Order") as follows:

WHEREAS, on January 15, 2018, the Debtors filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court");

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: EXCO Resources, Inc. (2779); EXCO GP Partners Old, LP (1262); EXCO Holdings (PA), Inc. (1745); EXCO Holding MLP, Inc. (1972); EXCO Land Company, LLC (9981); EXCO Midcontinent MLP, LLC (0557); EXCO Operating Company, LP (1261); EXCO Partners GP, LLC (1258); EXCO Partners OLP GP, LLC (1252); EXCO Production Company (PA), LLC (7701); EXCO Production Company (WV), LLC (7851); EXCO Resources (XA), LLC (7775); EXCO Services, Inc. (2747); Raider Marketing GP, LLC (6366); and Raider Marketing, LP (4295). The location of the Debtors' service address is: 12377 Merit Drive, Suite 1700, Dallas, Texas 75251.

[2] Capitalized terms used but not otherwise defined shall have the meaning ascribed to them in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Authorizing the Use of Cash Collateral, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, (VI)Scheduling a Final Hearing, and (VII) Granting Related Relief* (the "DIP Motion") [Docket No. 28].

WHEREAS, on January 24, 2018 (the "Formation Date"), United States Trustee for the Southern District of Texas (the "U.S. Trustee") filed the *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 175] appointing the Committee; and

WHEREAS, on January 25, 2018, the U.S. Trustee filed the *Notice of Reconstituted Committee of Unsecured Creditors* [Docket No. 181].

I. **Challenge Period.**

WHEREAS, on February 22, 2018, the Bankruptcy Court entered the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507 (I) Authorizing the Debtors to Obtain Postpetition Secured Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Authorizing the Use of Cash Collateral, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* (the "Final DIP Order") [Docket No. 348];

WHEREAS, pursuant to paragraph 10(e) of the Final DIP Order, all parties in interest were granted ninety (90) days from the Formation Date to file a motion to seek standing to (a) challenge the validity, priority, amount, or perfection of the liens and claims underlying the Prepetition Secured Obligations or (b) assert any claims or defenses against the Junior Secured Parties (the "Challenge Period");

WHEREAS, on April 4, 2018, the Debtors, the Junior Secured Parties, and the Committee entered into a stipulation extending the Challenge Period as to the Debtors, the Committee, and the Committee members to June 1, 2018;

WHEREAS, on April 24, 2018, the Court approved the extension of the Challenge Period to June 1, 2018 [Docket No. 669];

2

WHEREAS, on May 25, 2018, the Debtors and the Junior Secured Parties entered into a second stipulation extending the Challenge Period as to the Debtors, the Committee, and the Committee members to August 1, 2018;

WHEREAS, on May 31, 2018, the Court approved the extension of the Challenge Period to August 1, 2018 [Docket No. 780];

WHEREAS, on July 27, 2018, the Debtors and the Junior Secured Parties entered into a third stipulation extending the Challenge Period as to the Debtors, the Committee, and the Committee members to October 15, 2018;

WHEREAS, on July 30, 2018, the Court approved the extension of the Challenge Period to October 15, 2018 [Docket No. 920];

WHEREAS, on September 28, 2018, the Debtors and the Junior Secured Parties entered into a fourth stipulation extending the Challenge Period as to the Debtors, the Committee, and the Committee members to December 31, 2018; and

WHEREAS, on October 1, 2018, the Court approved the extension of the Challenge Period to December 31, 2018 [Docket No. 1099].

**II.     Exclusivity Periods.**

WHEREAS, on April 13, 2018, the Debtors filed the *Debtors' Motion to Extend Exclusivity Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 622] seeking to extend the period during which the Debtors have the exclusive right to file a chapter 11 plan (the "Filing Exclusivity Period") through and including August 13, 2018, and the deadline under which the Debtors have the exclusive right to solicit a plan filed during the Filing Exclusivity Period (the "Solicitation Exclusivity Period" and, together with the Filing Exclusivity Period, collectively, the "Exclusivity Periods") through and including October 12, 2018;

WHEREAS, on May 8, 2018, the Court entered an order extending the Filing Exclusivity Period through and including August 13, 2018, and the Solicitation Exclusivity Period through and including October 12, 2018 [Docket No. 677];

WHEREAS, on July 13, 2018, the Debtors filed the *Debtors' Second Motion to Extend the Exclusivity Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 885] seeking to extend the Filing Exclusivity Period through and including December 11, 2018, and the Solicitation Exclusivity Period through and including February 11, 2019;

WHEREAS, on July 27, 2018, as a result of negotiations with the Junior Secured Parties and the Committee, the Debtors filed the *Notice of Filing of Revised Proposed Second Order Extending the Exclusivity Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 921] revising the requested Filing Exclusivity Period to October 15, 2018 and the Solicitation Exclusivity Period to December 14, 2018; and

WHEREAS, on August 8, 2018, the Court entered the revised proposed second order extending the Filing Exclusivity Period through and including October 15, 2018, and the Solicitation Exclusivity Period through and including December 14, 2018.

WHEREAS, on October, 1, 2018, the Court entered the *Stipulation and Agreed Order Extending Exclusivity Periods and Challenge Period* [Docket No. 1099] further extending the Filing Exclusivity Period through and including December 31, 2018, and the Solicitation Exclusivity Period through and including March 1, 2019.

III. **Plan Process.**

WHEREAS, on October 1, 2018, the Debtors filed the *Disclosure Statement for the Settlement Joint Chapter 11 Plan of Reorganization of EXCO Resources, Inc. and its Debtor Affiliates* [Docket Nos. 1103, 1179, 1210, 1217, 1225, and 1233] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") and the *Settlement Joint Chapter 11*

4

*Plan of Reorganization of EXCO Resources, Inc. and its Debtor Affiliates* [Docket Nos. 1102, 1216, 1232, and 1391] (as modified, amended, or supplemented from time to time, the "Plan");

WHEREAS, on November 5, 2018, the Court entered an order authorizing the Debtors to solicit acceptances for the Plan, approving the Disclosure Statement as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code, approving the solicitation materials to be included in the packages distributed to solicit votes to accept the Plan, and approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan [Docket No. 1227];

WHEREAS, the Court scheduled the hearing to consider confirmation of the Plan for December 10, 2018 (the "Confirmation Hearing");

WHEREAS, on December 5, 2018, the Debtors filed the *Notice of Adjournment of Confirmation Hearing* [Docket No. 1418] adjourning the Confirmation Hearing to December 18, 2018;

WHEREAS, in the event that the Confirmation Hearing is further adjourned, the Debtors, the Junior Secured Parties, and the Committee seek to (i) further extend the Challenge Period as to the Debtors, the Committee, and the Committee members to January 31, 2019, and (ii) extend the Filing Exclusivity Period through and including January 31, 2019, and the Solicitation Exclusivity Period through and April 1, 2019.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED** as follows:

1.  The Challenge Period as to the Debtors, the Committee, and the Committee members is extended to January 31, 2019.

2.  The Filing Exclusivity Period is extended through and including January 31, 2019.

5

3. The Solicitation Exclusivity Period is extended through and including April 1, 2019.

4. The entry of the Stipulation and Order is without prejudice to the Debtors' right to seek from this Court such additional and further extensions of the Exclusivity Periods within which to file and solicit acceptance of a chapter 11 plan as may be necessary or appropriate or any party in interest's (including, but not limited to, the Committee and the Committee members) right to object to such an extension request or to seek to terminate exclusivity prior to January 31, 2019.

5. This Stipulation and Order is not effective until it has been entered by the Bankruptcy Court.

6. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation and Order on behalf of the respective parties and that the respective parties have full knowledge of, and have consented to, this Stipulation and Order.

7. The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Order.

Signed: December 21, 2018

_____
Marvin Isgur
United States Bankruptcy Judge

**IT IS SO ORDERED.**

Signed: _____, 2018
Houston, Texas

MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

**STIPULATED AND AGREED TO THIS 19TH DAY OF DECEMBER, 2018:**

By: /s/ *Christopher T. Greco, P.C.*
Christopher T. Greco, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: christopher.greco@kirkland.com

Patrick J. Nash, Jr. P.C. (admitted *pro hac vice*)
Alexandra Schwarzman (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: patrick.nash@kirkland.com
Email: alexandra.schwarzman@kirkland.com

Marcus A. Helt (TX: 24052187)
Michael K. Riordan (TX: 24070502)
**FOLEY GARDERE**
1000 Louisiana St., Suite 2000
Houston, Texas 77002
Telephone: (214) 999-4526
Facsimile: (214) 999-3526
Email: mhelt@foley.com
Email: mriordan@foley.com

*Counsel to the Debtors and Debtors in Possession*

By: /s/ *Robert J. Stark*
Robert J. Stark (admitted *pro hac vice*)
Sigmund S. Wissner-Gross (admitted *pro hac vice*)
Kenneth J. Aulet (admitted *pro hac vice*)
Gerard T. Cicero (admitted *pro hac vice*)
Aja-Fullo L. Sanneh (admitted *pro hac vice*)
**BROWN RUDNICK LLP**
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: swissnergross@brownrudnick.com
Email: rstark@brownrudnick.com
Email: kaulet@brownrudnick.com
Email: gcicero@brownrudnick.com
Email: asanneh@brownrudnick.com

Steven B. Levine (admitted *pro hac vice*)
**BROWN RUDNICK LLP**
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
Email: slevine@brownrudnick.com

Patricia B. Tomasco (TX: 01797600)
Matthew D. Cavenaugh (TX: 24062656)
**JACKSON WALKER L.L.P.**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: ptomasco@jw.com
Email: mcavenaugh@jw.com

*Counsel for the Unsecured Creditor Committee*

By: /s/ *Kurt Mayr*
Kurt Mayr (admitted *pro hac vice*)
**BRACEWELL LLP**
CityPlace I, 34th Floor 185 Asylum Street
Hartford, Connecticut 06103-3458
Telephone: 860.256.8534
Facsimile: 1.800.404.3970
Email: kurt.mayr@bracewell.com

Bradley J. Benoit
**BRACEWELL LLP**
711 Louisiana Street Suite 2300
Houston, Texas 77002-2770
Telephone: 713.221.1224
Facsimile: 713.222.3204
Email: brad.benoit@bracewell.com

*Counsel for Bluescape Resources Company LLC*

By: /s/ *Andrew K. Glenn*
Andrew K. Glenn (admitted *pro hac vice*)
Adam L. Shiff (admitted *pro hac vice*)
Shai Schmidt (admitted *pro hac vice*)
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Telephone: 212.506.1700
Facsimile: 212.506.1800
Email: aglenn@kasowitz.com
Email: ashiff@kasowitz.com
Email: sschmidt@kasowitz.com

*Counsel for Fairfax Financial Holdings Ltd. and Hamblin Watsa Investment Counsel Ltd.*