IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| EXCO RESOURCES, INC., *et al.*,[1] | ) |
| | ) Case No. 18-30155 (MI) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

**EMERGENCY JOINT MOTION TO AMEND ORDER GRANTING THE EMERGENCY JOINT MOTION FOR ENTRY OF AN ORDER CONTINUING THE HEARINGS SCHEDULED FOR APRIL 8, 2019 PURSUANT TO 11 U.S.C. § 105 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 7054, 9014 AND 9023**
(Relates to Docket No. 1797)

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

LSP Investment Advisors, LLC, investment advisor to Gen IV Investment Opportunities, LLC and VEGA Asset Partners, LLC (collectively, "LSP"), and Oaktree Capital Management, L.P., on behalf of itself and certain of its managed funds and accounts[2] (collectively, "Oaktree"

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: EXCO Resources, Inc. (2779); EXCO GP Partners Old, LP (1262); EXCO Holdings (PA), Inc. (1745); EXCO Holding MLP Inc. (1972); EXCO Land Company, LLC (9981); EXCO Midcontinent MLP, LLC (0557); EXCO Operating Company, LP (1261); EXCO Partners GP, LLC (1258); EXCO Partners OLP GP, LLC (1252); EXCO Production Company (PA), LLC (7701); EXCO Production Company (WV), LLC (7851); EXCO Resources (XA), LLC (7775); EXCO Services, Inc. (2747); Raider Marketing GP, LLC (6366); and Raider Marketing, LP (4295). The location of the Debtors' service address is: 12377 Merit Drive, Suite 1700, Dallas, Texas 75251.

[2] The Oaktree entities that hold debt or equity of the Debtors are OCM Principal Opportunities Fund III, L.P., OCM Principal Opportunities Fund IIIA, L.P., OCM Principal Opportunities Fund IV Delaware, L.P., Oaktree Value Opportunities Fund Holdings, L.P., and OCM EXCO Holdings, LLC.

AMERICAS 99628434

and, together with LSP, the "Movants"), as secured creditors in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of EXCO Resources, Inc. and its affiliated debtors-in-possession (collectively, "EXCO" or the "Debtors"), by and through their undersigned counsel, hereby file this *Emergency Joint Motion to Amend Order Granting the Emergency Joint Motion for Entry of an Order Continuing the Hearings Scheduled for April 8, 2019 Pursuant to 11 U.S.C. § 105 and Federal Rules of Bankruptcy Procedure 7054, 9014 and 9023* (the "Motion").[3] In support of the Motion, the Movants respectfully state as follows:

## INTRODUCTION

1.  The Motion to Continue[4]—filed jointly by the Official Committee, the Debtors, Fairfax, and Bluescape and which sought to continue the hearing on the Standing Motion indefinitely—presented a misleading picture to the Court regarding the status of the Chapter 11 Cases and the Standing Motion. The Motion to Continue implies the issues raised in the Standing Motion have been fully resolved, yet fails to disclose that certain parties that are subject to the Standing Motion—LSP, Oaktree, and B. James Ford ("Ford")—have objected to the Standing Motion, have not agreed to any settlement, and oppose efforts to delay the hearing on the Standing Motion.

2.  To be clear, the allegations against LSP, Oaktree, and Ford in the Standing Motion and accompanying proposed complaint are sparse and meritless. The Official Committee has not met and cannot meet its burden to establish colorable claims against LSP, Oaktree, and Ford. The Standing Motion therefore is capable of immediate resolution. While the Movants anticipate opposing confirmation of the Debtors' forthcoming proposed plan of

---

[3] Before filing the Motion, counsel to LSP and counsel to Oaktree contacted counsel to the Official Committee (as defined below) on multiple occasions in an effort to obtain the Official Committee's agreement to the relief sought herein. The Official Committee would not commit to the timing of a response in respect of LSP and Oaktree's request.

[4] Capitalized terms not defined in this introductory section have the meanings given below.

2

reorganization on numerous grounds based on the limited information provided to them with respect to such plan, resolving the Standing Motion nevertheless will narrow confirmation issues, including by eliminating the need to establish a post-effective date litigation trust. Indeed, further delay of a hearing on the Standing Motion—especially an indefinite delay—is inappropriate and unduly prejudices the Movants.

2. LSP and Oaktree respectfully request that the hearing on the Standing Motion be reset for April 23, 2019 at 2:30 p.m. (CT) or as soon thereafter as the Court's schedule permits.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELEVANT BACKGROUND

4. On February 15, 2019, the Official Committee of Unsecured Creditors (the "Official Committee") filed the *Motion of the Official Committee of Unsecured Creditors for (I) Leave, Standing, and Authority to Commence and Prosecute Certain Claims and Causes of Action on Behalf of the Debtors' Estates and (II) Exclusive Settlement Authority* [Docket No. 1624] (the "Standing Motion").

5. On the same day, Cross Sound Management LLC ("Cross Sound") joined in the Standing Motion by filing the *Joinder of Cross Sound Management LLC to Motion of the Official Committee of Unsecured Creditors for Authority to Prosecute Claims and Causes of Action on Behalf of the Debtors' Estates* [Docket No. 1627] (the "Cross Sound Joinder").

6. On February 25, 2019, the Official Committee amended the Standing Motion by filing the *Notice of Filing of Amended Exhibit B to Motion of the Official Committee of*

*Unsecured Creditors for (I) Leave, Standing, and Authority to Commence and Prosecute Certain Claims and Causes of Action on Behalf of the Debtors' Estates and (II) Exclusive Settlement Authority* [Docket No. 1649].

7. On March 4, 2019, the Official Committee noticed the Standing Motion for hearing on April 8, 2019, at 1:30 p.m. (CT) [Docket No. 1660].

8. On March 8, 2019, Hamblin Watsa Investment Counsel Ltd., Fairfax Financial Holdings Ltd. (together "Fairfax"), Samuel A. Mitchell, Bluescape Resources Company LLC, Energy Strategic Advisory Services, LLC (together, "Bluescape"), and John C. Wilder objected to the Standing Motion by filing the *Joint Objection of Fairfax and Bluescape to the Motion of the Official Committee of Unsecured Creditors for (I) Leave, Standing, and Authority to Commence and Prosecute Certain Claims and Causes of Action on Behalf of the Debtors' Estates and (II) Exclusive Settlement Authority* [Docket No. 1681].

9. Also on March 8, 2019, the Debtors objected to the Standing Motion by filing the *Debtors' Objection to (A) Motion of the Official Committee of Unsecured Creditors for (I) Leave, Standing, and Authority to Commence and Prosecute Certain Claims and Causes of Action on Behalf of the Debtors' Estates and (II) Exclusive Settlement Authority and (B) any Joinders Thereto* [Docket No. 1684] (the "Debtors' Standing Objection").

10. On April 4, 2019, Oaktree and Ford objected to the Standing Motion by filing the *Objection of Oaktree Capital Management, L.P. and B. James Ford to (A) the Motion of the Official Committee of Unsecured Creditors for (I) Leave, Standing, and Authority to Commence and Prosecute Certain Claims and Causes of Action on Behalf of the Debtors' Estates and (II) Exclusive Settlement Authority and (B) any Joinders Thereto* [Docket No. 1792].

11. On April 5, 2019, LSP objected to the Standing Motion by filing the *Objection of*

*LSP Investment Advisors, LLC, Gen IV Investment Opportunities, LLC, and VEGA Asset Partners, LLC to (A) Motion of the Official Committee of Unsecured Creditors for (I) Leave, Standing, and Authority to Commence and Prosecute Certain Claims and Causes of Action on Behalf of the Debtors' Estates and (II) Exclusive Settlement Authority, and (B) Joinder of Cross Sound Management LLC to Motion of the Official Committee of Unsecured Creditors for Authority to Prosecute Claims and Causes of Action on Behalf of the Debtors' Estates* [Docket No. 1795] (the "LSP Standing Objection").

12. At approximately 5:16 p.m. (CT) on April 5, 2019, counsel to the Official Committee filed the *Emergency Joint Motion for Entry of an Order Continuing the Hearings Scheduled for April 8, 2019* [Docket No. 1796] (the "Motion to Continue"). The Debtors, Fairfax Financial Holdings Ltd. and Bluescape (together with the Official Committee, the "Motion Parties") joined in the Motion to Continue. By the Motion to Continue, the Motion Parties represented that "the [Motion Parties] have reached an agreement *finally resolving* the [Standing Motion]." Motion to Continue ¶ 2 (emphasis added). Conveniently, the Motion to Continue (i) fails to mention that both LSP and Oaktree had objected to the Standing Motion, and (ii) lacks a certificate of conference or any other statement that LSP and Oaktree had been consulted in respect of the requested abatement of the April 8, 2019 hearing on the Standing Motion. In fact, neither LSP nor Oaktree was consulted in connection with either the alleged settlement or the Motion to Continue and, thus, *neither LSP nor Oaktree had prior notice of either this alleged settlement or the Motion to Continue*.

13. Approximately forty-five minutes after the Motion to Continue was filed, the Court entered its *Order Continuing the Hearings Scheduled for April 8, 2019* [Docket No. 1797] (the "Continuance Order"), continuing *sine die* the hearing on the Standing Motion "on the

5

representation that the Parties have reached agreement on the material terms for a global resolution as between the Parties." Continuance Order, at 1.

## RELIEF REQUESTED

14. By this Motion, the Movants seek entry of the proposed amended order attached hereto as Exhibit A, which provides that the hearing on the Standing Motion is continued to April 23, 2019, at 2:30 p.m. (CT) or as soon thereafter as the Court's schedule permits, rather than continued *sine die*.

## BASIS FOR RELIEF

15. Section 105 of the Unites States Bankruptcy Code, 11 U.S.C. §§ 101-1532, provides, in relevant part, that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). This provision has been interpreted as permitting a bankruptcy court to use its equitable powers to "fashion such orders as are necessary to further the substantive provisions of the Bankruptcy Code." Sanchez v. Ameriquest Mortg. Co. (In re Sanchez), 372 B.R. 289, 309-10 (Bankr. S.D. Tex. 2007) (quoting Perkins Coie v. Sadkin (In re Sadkin), 36 F.3d 473, 478 (5th Cir. 1994)).

16. In the Fifth Circuit, a motion to reconsider or amend an order may be brought pursuant to Federal Rule of Civil Procedure 54(b), made applicable herein by Federal Rules of Bankruptcy Procedure 7054 and 9014. Federal Rule of Civil Procedure 54(b) applies to interlocutory orders and permits a court "to reconsider and reverse its decision for any reason." Trevino v. Select Portfolio Servicing, Inc. (In re Trevino), Adv. No. 16-7024, 2019 Bankr. LEXIS 742, at *8 (Bankr. S.D. Tex. Mar. 7, 2019) (citing McClendon v. U.S., 892 F.3d 775, 781 (5th Cir. 2018); MetroPCS v. Fiesta Cell Phone & Dish Network, Inc., No. H-16-3573, 2017 U.S. Dist. LEXIS 163145, at *3 (S.D. Tex. Oct. 3, 2017) (noting that, under Federal Rule of

6

Civil Procedure 54(b), the court may amend or alter an order "for any reason it deems sufficient")).

17.     Moreover, Federal Rule of Civil Procedure 59, made applicable herein by Federal Rule of Bankruptcy Procedure 9023, provides that the Court may alter or amend a judgment to "correct manifest errors of law or fact or to present newly discovered evidence." Rodriguez v. Countrywide Home Loans, Inc. (In re Rodriguez), Case No. 02-10605, 2010 Bankr. LEXIS 3538, at *4 (Bankr. S.D. Tex. Oct. 5, 2010) (quoting Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004)); In re Energy Partners, Ltd., Case No. 09-32957-H4-11, 2009 Bankr. LEXIS 2952, at *21-23 (Bankr. S.D. Tex. Sept. 15, 2009).

## ARGUMENT

18.     Contrary to the Official Committee's assertion, the Standing Motion was not "finally resolved" by whatever agreement has been reached *among the Motion Parties*. To be clear, LSP and Oaktree continue to oppose the relief sought by the Standing Motion in respect of LSP and Oaktree (and Ford, Oaktree's one-time designee to EXCO's board of directors), respectively. Having joined in the dispute in respect of the Standing Motion, it was inappropriate for the Official Committee (with or without the support of the other Motion Parties) to represent to the Court that the Standing Motion was "finally resolved" such that the April 8, 2019 hearing on the Standing Motion should be continued *sine die.*

19.     To the contrary, the Standing Motion remains unresolved, at least in respect of LSP and Oaktree, because, among other things, a denial of the Standing Motion in respect of LSP and/or Oaktree would have a material impact on the Chapter 11 Cases and the plan of reorganization the Debtors intend to file imminently. See Motion to Continue ¶ 5.

20.     Specifically, denial of the Standing Motion in respect of LSP and Oaktree would

AMERICAS 99628434
4826-2248-9747, v. 1

prevent the frivolous claims asserted by the Official Committee in the Standing Motion from being contributed to any post-effective date litigation trust to be established pursuant to the Debtors' forthcoming plan of reorganization. This is true even if the Debtors are deemed to be making that contribution on behalf of their estates.

21. As set forth more fully in the LSP Standing Objection, pursuant to the final order authorizing the Debtors to obtain post-petition secured financing [Docket No. 348] (the "Final DIP Order") and the stipulation and agreed order [Docket No. 1592] extending the deadline for the Debtors, the Official Committee, and members of the Official Committee to assert a Challenge (as defined below) through and including February 15, 2019, the Debtors, the Official Committee, and members of the Official Committee were required to file a motion seeking standing to challenge the validity, priority, amount or perfection of the liens and claims underlying the Prepetition Secured Obligations (as defined in the Final DIP Order),[5] or assert any claims or defenses against the Junior Secured Parties (as defined in the Final DIP Order)[6] (a "Challenge") by February 15, 2019. Only the Official Committee filed such a motion—the Standing Motion.[7]

22. The Debtors did not file such a motion. In their objection to the Standing Motion, the Debtors stated that the Debtors' standing to bring a Challenge was preserved "as a result of the [Official Committee's] timely filed Complaint." Debtors' Standing Objection ¶ 33. Accordingly, in the event the Standing Motion is denied as to LSP and Oaktree, then both the Official Committee and the Debtors will be precluded from pursuing any Challenges against LSP

---

[5] As defined in the Final DIP Order, "Prepetition Secured Obligations" include the obligations arising under the 1.5 Lien Indenture, the 1.75 Lien Credit Agreement, and the Second Lien Credit Agreement (each as defined in the Final DIP Order). Final DIP Order ¶ iv.c.

[6] As defined in the Final DIP Order, "Junior Secured Parties" include the 1.5 Lien Noteholders, the 1.75 Lien Lenders, and the Second Lien Lenders (each as defined in the Final DIP Order). Final DIP Order ¶ iv.c.

[7] Cross Sound, a member of the Official Committee, joined in the Standing Motion by its filing of the Cross Sound Joinder.

and Oaktree and, in turn, the Debtors will be precluded from contributing those Challenges to a litigation trust under any plan of reorganization.  See Final DIP Order ¶ 10(f).

23. The fact that a hearing on the Standing Motion in respect of LSP and Oaktree might be "counterproductive" in respect the "global resolution as between the [Motion Parties]" (Motion to Continue ¶ 5) is not a basis to deprive LSP and Oaktree of the opportunity to demonstrate to the Court that the Standing Motion is nothing more than a soon-to-be Debtor-sanctioned shakedown by the Official Committee of LSP and Oaktree premised upon meritless claims.

24. For the foregoing reason, the hearing on the Standing Motion should not have been continued *sine die*.  Instead, LSP's and Oaktree's timely filed objections to the Standing Motion should be heard at the next omnibus hearing in the Chapter 11 Cases, subject to the Court's availability.

## BASIS FOR EMERGENCY CONSIDERATION

25. The Movants respectfully request emergency consideration of the Motion in accordance with Bankruptcy Local Rule 9013-1.  As set forth herein, the request to continue the hearing on the Standing Motion was improper and made without notice to, or even consultation with, all parties that objected timely to the Standing Motion.  The Movants' objections to the Standing Motion should be reset for hearing promptly to permit LSP and Oaktree to demonstrate that standing should be denied in respect of LSP and Oaktree, respectively, thereby narrowing the number of issues to be litigated in respect of the Debtors' forthcoming plan of reorganization. In light of the foregoing, the Movants request that the Court approve the relief requested herein on an emergency basis.

## NOTICE

26.  The Movants will provide notice of the Motion to: (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) counsel to the Official Committee; (c) counsel to the Debtors; (d) counsel to Cross Sound; (e) counsel to Fairfax; (f) counsel to Bluescape; and (g) via the Court's CM-ECF Notification System to all other parties that have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002.  The Movants submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Movants respectfully request that this Court enter the proposed amended order attached hereto as Exhibit A providing that the hearing on the Standing Motion is continued to April 23, 2019, at 2:30 p.m. (CT) or as soon thereafter as the Court's schedule permits, and grant such other relief as may be just and proper.

AMERICAS 99628434

4826-2248-9747, v. 1

Respectfully submitted this 8th day of April, 2018.

        **GRAY REED & McGRAW LLP**

        By:  /s/ *Jason S. Brookner*
        Jason S. Brookner
        State Bar No. 24033684
        1300 Post Oak Blvd., Suite 2000
        Houston, TX 77056
        Telephone:  (713) 986-7000
        Facsimile:  (713) 986-7100
        Email:  jbrookner@grayreed.com

        - and -

        **WHITE & CASE LLP**
        Thomas E Lauria
        State Bar No. 11998025
        Michael C. Shepherd (admitted *pro hac vice*)
        Southeast Financial Center, Suite 4900
        200 South Biscayne Blvd.
        Miami, FL 33131
        Telephone:  (305) 371-2700
        Facsimile:  (305) 358-5700
        Email:  tlauria@whitecase.com
                 mshepherd@whitecase.com

        - and -

        **WHITE & CASE LLP**
        Gregory M. Starner (admitted *pro hac vice*)
        Joshua Weedman (admitted *pro hac vice*)
        1221 Avenue of the Americas
        New York, NY 10020-1095
        Telephone:  (212) 819-8200
        Facsimile:  (212) 354-8113
        Email:  gstarner@whitecase.com
                 jweedman@whitecase.com

        *Attorneys for LSP Investment Advisors, LLC, Gen IV Investment Opportunities, LLC and VEGA Asset Partners, LLC*

        - and -

AMERICAS 99628434
4826-2248-9747, v. 1

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: */s/ Marty L. Brimmage*
Marty L. Brimmage, Jr.
State Bar No. 00793386
Lacy M. Lawrence
State Bar No. 24055913
2300 North Field Street, Suite 1800
Dallas, TX 75201
Telephone:  (214) 969-2800
Facsimile:  (214) 969-4343
Email: mbrimmage@akingump.com
          llawrence@akingump.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira S. Dizengoff
Philip C. Dublin
Alexis Freeman
One Bryant Park
New York, NY 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002
Email: idizengoff@akingump.com
          pdublin@akingump.com
          afreeman@akingump.com

- and -

**THE UMARI LAW FIRM**
Basil A. Umari
State Bar No. 24028174
1403 Eberhard
Houston, TX 77019
Telephone:  (713) 392-1974
Email: bumari@umarilaw.com

*Counsel for Oaktree Capital Management, L.P.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of April 2019, he caused a true and correct copy of the foregoing document to be served via the Court's CM/ECF Notification System on those parties who have so-subscribed, and via electronic mail on counsel to the Committee, the Debtors, Cross Sound, Fairfax and Bluescape.

                                        */s/ Jason S. Brookner*
                                         Jason S. Brookner

AMERICAS 99628434

# **EXHIBIT A**

(Proposed Order)

AMERICAS 99628434

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| EXCO RESOURCES, INC., *et al.*,[1] | § | Case No. 18-30155 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |

### *AMENDED* ORDER GRANTING THE EMERGENCY JOINT MOTION FOR ENTRY OF AN ORDER CONTINUING THE HEARINGS SCHEDULED FOR APRIL 8, 2019
(Relates to Docket Nos. 1242 1382, 1405, 1624, and 1625, *and amends Docket No. 1797*)

The Court having reviewed the Emergency Motion to continue the hearings scheduled for April 8th, 2019, at 1:30 p.m., and on the representation that the Parties have reached agreement on the material terms for a global resolution as between the Parties,

ORDERS that all hearings scheduled in this case for 1:30 p.m. on April 8, 2019, are continued; it is further

ORDERED that the April 8, 2019, hearing on the Confirmation Motions are continued to April 23, 2019, at 2:30 p.m. (prevailing Central Time); it is further

ORDERED that the April 8, 2019, hearing on the Standing Motions are continued ***to April 23, 2019, at 2:30 p.m. (prevailing Central Time)***.

Signed:

_____
Marvin Isgur
United States Bankruptcy Judge

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: EXCO Resources, Inc. (2779); EXCO GP Partners Old, LP (1262); EXCO Holdings (PA), Inc. (1745); EXCO Holding MLP, Inc. (1972); EXCO Land Company, LLC (9981); EXCO Midcontinent MLP, LLC (0557); EXCO Operating Company, LP (1261); EXCO Partners GP, LLC (1258); EXCO Partners OLP GP, LLC (1252); EXCO Production Company (PA), LLC (7701); EXCO Production Company (WV), LLC (7851); EXCO Resources (XA), LLC (7775); EXCO Services, Inc. (2747); Raider Marketing GP, LLC (6366); and Raider Marketing, LP (4295). The location of the Debtors' service address is: 12377 Merit Drive, Suite 1700, Dallas, Texas 75251.

AMERICAS 99628434