

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/09/2019

| | | |
|---|---|---|
| IN RE: | § | |
| EXCO RESOURCES, INC., *et al* | § | CASE NO: 18-30155 |
| | § | |
| EXCO GP PARTNERS OLD, LP | § | CASE NO: 18-30156 |
| | § | |
| EXCO HOLDING (PA), INC. | § | CASE NO: 18-30157 |
| | § | |
| EXCO HOLDING MLP, INC. | § | CASE NO: 18-30158 |
| | § | |
| EXCO LAND COMPANY, LLC | § | CASE NO: 18-30159 |
| | § | |
| EXCO MIDCONTINENT MLP, LLC | § | CASE NO: 18-30160 |
| | § | |
| EXCO OPERATING COMPANY, LP | § | CASE NO: 18-30161 |
| | § | |
| EXCO PARTNERS GP, LLC | § | CASE NO: 18-30162 |
| | § | |
| EXCO PARTNERS OLP GP, LLC | § | CASE NO: 18-30163 |
| | § | |
| EXCO PRODUCTION COMPANY (PA), LLC | § | CASE NO: 18-30164 |
| | § | |
| EXCO PRODUCTION COMPANY (WV), LLC | § | CASE NO: 18-30165 |
| | § | |
| EXCO RESOURCES (XA), LLC | § | CASE NO: 18-30166 |
| | § | |
| EXCO SERVICES, INC. | § | CASE NO: 18-30167 |
| | § | |
| RAIDER MARKETING GP, LLC | § | CASE NO: 18-30168 |
| | § | |
| RAIDER MARKETING, LP | § | CASE NO: 18-30169 |
| | § | **Jointly Administered Order** |
| Debtor(s) | § | |
| | § | CHAPTER 11 |

**ORDER DENYING MOTION TO AMEND**

The Official Committee of Unsecured Creditors seeks an order granting it standing to sue certain entities to which LSP Investment Advisors, LLC serves as an investment advisor (the "LSP Entities"). This motion was opposed by several parties including the Debtors, and the LSP

Defendants. The principal question raised in the objections was whether the Committee had standing to sue the LSP Entities based on causes of action belonging to the bankruptcy estate.

The potential LSP Defendants allege that standing should not be granted to the Committee because the claims are not colorable.

The Debtor-in-Possession, acting for the Estate, and the Committee have reached a comprehensive agreement regarding who (if anyone) would be empowered to sue the LSP Defendants.

Assuming that the agreement between the Debtor-in-Possession and the Committee were approved, LSP's motion would be moot. Nevertheless, the LSP Defendants' motion to amend seeks to force the Committee and the Debtor-in-Possession to litigate the standing issue. While doing so, the LSP Defendants hope to simultaneously address their contention that no colorable claims exist. That finding, in turn, could be used to collaterally estop the entity with standing from pursuing claims against the LSP Defendants in the future.

It is not appropriate to force litigation, for the purpose of creating collateral estoppel. The agreement proposes to settle a controversy between the Committee and the Debtor-in-Possession; because of the settlement, they are potentially non-adverse. The Court will not force non-adverse parties to litigate a settled dispute, when the only benefit of litigation is a potential defendant obtaining estoppel on the merits.

If anyone sues the LSP Defendants, the LSP Defendants will have ample opportunity to prove the absence of colorability.

The motion is denied.

SIGNED **April 9, 2019.**

                                      Marvin Isgur
                         UNITED STATES BANKRUPTCY JUDGE