## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| EXCO RESOURCES, INC., *et al.,* [1] | § | CASE NO. 18-30155 (MI) |
| | § | |
| DEBTORS | § | Jointly Administered |

### OBJECTION OF THE ACTING UNITED STATES TRUSTEE
### TO THE REVISED THIRD AMENDED SETTLEMENT JOINT CHAPTER 11 PLAN OF
### REORGANIZATION OF EXCO RESOURCES, INC. AND ITS DEBTOR AFFILIATES

TO THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Henry G. Hobbs, Jr., the Acting United States Trustee for Region 7, by and through the undersigned counsel, who respectfully objects to the *Revised Third Amended Settlement Joint Chapter 11 Plan of Reorganization of Exco Resources, In. and its Debtor Affiliates* (the "Revised Amended Plan") [Doc. No. 2023], and represents as follows:

## I.    Preliminary Statements

1.    The Revised Amended Plan does not satisfy the requirements of section 1129(a) of the Bankruptcy Code and is therefore un-confirmable. First, the Releases are not supported by consideration, agreement or specific action by or for certain of the Released, Releasing and Exculpated Parties.  Second, the Releases do not support a valid settlement under the Bankruptcy Code because they lack independent consideration.  Third, the Revised Amended Plan improperly provides broad third party releases, exculpations and injunctions, in violation of section 524(e) of the Bankruptcy Code and applicable Fifth Circuit law. Lastly, the Releases in the Revised Amended Plan operate to release claims arising from gross negligence, intentional misconduct and fraud.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: EXCO Resources, Inc. (2779); EXCO GP Partners Old, LP (1262); EXCO Holdings (PA), Inc. (1745); EXCO Holding MLP, Inc. (1972); EXCO Land Company, LLC (9981); EXCO Midcontinent MLP, LLC (0557); EXCO Operating Company, LP (1261); EXCO Partners GP, LLC (1258); EXCO Partners OLP GP, LLC (1252); EXCO Production Company (PA), LLC (7701); EXCO Production Company (WV), LLC (7851); EXCO Resources (XA), LLC (7775); EXCO Services, Inc. (2747); Raider Marketing GP, LLC (6366); and Raider Marketing, LP (4295). The location of the Debtors' service address is: 12377 Merit Drive, Suite 1700, Dallas, Texas 75251

2.     As currently drafted, the Revised Amended Plan does not meet the requirements of 11 U.S.C. § 1129.  In the absence of amendments to deal with such matters as are noted below, the UST recommends that the Court deny confirmation of the Third Amended Plan.

## II. <u>Jurisdiction, Venue & Constitutional Authority to Enter a Final Order</u>

3.     The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b) (2).  Venue is proper in this district under 28 U.S.C. § 1408.

4.     The Court has constitutional authority to enter a final order in this matter.  If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the Acting United States Trustee consents to the entry of a final order or judgment by this Court in this matter.

5.     Henry G. Hobbs, Jr. is the duly appointed Acting United States Trustee for Region 7, Southern and Western Districts of Texas, under 28 U.S.C. § 581(a) (7).

6.      Pursuant to 11 U.S.C. § 307, the Acting United States Trustee has standing to appear and be heard on any issue in a case or proceeding under the Bankruptcy Code.

7.     Pursuant to 28 U.S.C. § 586(a)(3), the Acting United States Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

## III. <u>Factual Background</u>

8.     On January 15, 2018 ("Petition Date"), the Debtors filed petitions seeking relief under chapter 11 of the Bankruptcy Code.  Since the orders for relief under chapter 11 were entered, the Debtors have operated as debtors in possession under 11 U.S.C. §§ 1107(a) and 1108.

9.     On January 16, 2018, the Court entered the Order directing joint administration of these bankruptcy cases.  *See* Dkt. No. 18.

10.     On January 24, 2018, the Acting United States Trustee appointed the Official Committee of Unsecured Creditors.  *See* Dkt. No. 175.

11.     On June 3, 2019, the Debtors filed the Revised Amended Plan. *See* Doc. No. 2023.

12.     The Revised Amended Plan includes various Debtor and third party releases, exculpations, injunctions and channeling injunctions.

13.     A hearing on the Revised Amended Plan is currently set for June 10, 2019 at 9:00 a.m.

## IV. Grounds for Objection

### A.     The Plan fails to satisfy the Requirements for Confirmation under Sections 1129(a) (1)

14.     Section 1129(a) of the Bankruptcy Code sets forth the requirements for confirming a chapter 11 plan on a consensual basis, when each impaired class of claims votes to approve the plan.  Among other things, a plan must comply with the applicable provisions of the Bankruptcy Code.  11 U.S.C. § 1129(a) (1).

15.     The Debtors bear the burden of establishing that the Revised Amended Plan complies with all of the elements of section 1129.  *In re Cypresswood Land Partners, I,* 409 B.R. 396, 422 (Bankr. S.D. Tex. 2009) ("The Debtor, as the proponent of the [plan], has the burden of proving that all elements of 11 U.S.C. § 1129(a) are satisfied.") (citing *In re Internet Navigator Inc.,* 289 B.R. 128, 131 (Bankr. N.D. Iowa 2003)).

16.     Under section 1129(a) of the Bankruptcy Code, debtors must carry their burden by a preponderance of the evidence.  *Heartland Fed. Sav. & Loan Ass'n v. Briscoe Enters. (In re Briscoe Enters. Ltd. II),* 994 F.2d 1160, 1165 (5th Cir. 1993), *cert. denied,* 510 U.S. 992, 114 S.Ct. 550, 126 L.Ed.2d 451 (1993) ("[p]reponderance of the evidence is the debtor's appropriate standard of proof . . . under § 1129(a). . .); *In re T-H New Orleans Ltd. Partnership,* 116 F.3d 790, 801 (5th Cir. 1997); *In re Star Ambulance Serv., LLC,* 540 B.R. 251, 259 (Bankr. S.D. Tex. 2015) ("As proponent of the Plan, the Debtor must establish by a preponderance of the evidence that each of the confirmation requirements set forth in Bankruptcy Code § 1129 has been met.").

17.     Pursuant to section 1129(a) (1) of the Bankruptcy Code, a plan must comply with all applicable provisions of the Bankruptcy Code.  The Revised Amended Plan in this case, however, fails to satisfy this requirement for several reasons.  Specifically, (i) the Releases are not supported by consideration, agreement or specific action by or for certain Released, Releasing and Exculpated Parties, (ii) the Releases do not support a valid settlement under the Bankruptcy Code because they lack independent consideration, (iii) the Revised Amended Plan violates the prohibition against non-debtor third party releases under section 524(e) of the Bankruptcy Code and Fifth Circuit case law and (iv) the Releases in the Revised Amended Plan operate to release claims arising from gross negligence, intentional misconduct and fraud.

**B.      The Releases are not supported by Consideration, Agreement or Specific Action by or for certain Released and Releasing Parties**

18.      The Revised Amended Plan contains broad Releases, Exculpations and Injunctions (the "Release Provisions"). *See* Doc. No. 2023. The Revised Amended Plan specifically defines Affiliates, Enjoined Parties, Entity, Exculpated Parties, Released Parties, and Releasing Parties. *See* Doc. No. 2023 at 12, 18 and 23.

19.      As it applies to Released Parties, the Release Provisions essentially provide that for good and valuable consideration, Debtors, Reorganized Debtors and their Estates will release and discharge the Released Parties from any and all Claims and Causes of Action.   Released Parties also includes the following parties which do not appear to be related to, active with or connected to the Debtors, Creditors or parties in interest:

> …and (m) with respect to each of the foregoing (a) through (l), each of such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such; *provided* that (x) any Holder of a Claim or Interest that votes against or objects to the Plan or opts out of the Third Party Release or (y) any Holder of a Disputed 1.5 Lien Claim or a Disputed 1.75 Lien Claim, shall not be a Released Party.

*See* Doc. No. 2023 at 23.

20.      As it applies to Releasing Parties, the Release Provisions essentially provide that the Releasing Parties are releasing and discharging the Released Parties from any and all Claims and Causes of Action.  Releasing Parties also includes the following parties which do not appear to be related to, active with or connected to the Debtors, Creditors or parties in interest:

> …and (r) with respect to each of the foregoing (a) through (q), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, bankers, consultants, representatives, and other professionals, each in their capacity as such.

*See* Doc. No. 2023 at 23, 24.

21.     As it applies to Exculpated Parties, the Release Provisions essentially provide that the Exculpated Parties have no liability for and are released and exculpated from any and all and all Claims and Causes of Action.  Exculpated Parties also includes the following parties which do not appear to be related to, active with or connected to the Debtors, Creditors or parties in interest:

> …and (j) with respect to each of the foregoing (a) through (h), such Entity and its current and former Affiliates, and such Entity's and its current and former Affiliates' current and former members, equity holders (regardless of whether such interests are held directly or indirectly), subsidiaries, officers, directors, managers, predecessors, successors, assigns, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, restructuring advisors investment bankers, consultants, representatives, and other professionals, each in their capacity as such.

*See* Doc. No. 2023 at 13

22.     It does not appear that the parties identified in paragraphs 19, 20 or 21 have given or received anything which justifies the releases and exculpations.  These parties have not been provided notice of the Plan, have not been given an opportunity to vote or opt out and may well not be aware they are giving and receiving releases.  Debtors need to demonstrate and establish by competent proof what "good and valuable consideration" or otherwise has been provided by or to these parties justify what is in effect a gratuitous release and exculpation.

**C.     The Release Provisions Do Not Support a Valid Settlement under the Bankruptcy Code Because They Lack Independent Consideration.**

23.     The Revised Amended Plan provides the Confirmation Order will operate as an approved Bankruptcy Rule 9019 settlement and approval of the Releases. Regarding "Releases by the Debtors", the Revised Amended Plan specifically says:

> Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described herein, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the releases described herein are: (1) in exchange for the good and valuable consideration provided by or on behalf of the Released Parties; (2) a good faith settlement and compromise of the Claims or Causes of Action released herein (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Reorganized Debtors, the Debtors' Estates, the Unsecured Claims Litigation Trustee, the Unsecured Claims Plan

Administrator, the Unsecured Claims Distribution Trust, or asserting any claim or Cause of Action released pursuant to the releases described herein or asserting (directly or indirectly) or trading any claim or Cause of Action released pursuant to the releases described herein against any Released Party at any time.

*See* Doc. No. 2023 at 64.

Regarding "Releases by Holders of Claims and Interests", the Revised Amended Plan specifically says:

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described herein, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that each release described herein is: (1) consensual; (2) essential to the Confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties; (4) a good faith settlement and compromise of Settled Actions; (5) in the best interests of the Debtors and their Estates; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for hearing; and (8) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the releases described herein.

*See* Doc. No. 2023 at 65.

Notwithstanding Debtors' statements, the releases fail to meet a basic settlement requirement - separate and valuable consideration from each Released Party. *In re Bigler LP*, 442 B.R. 537, 543-5 (Bankr. S.D. Tex. 2010).

24.    In exchange for its agreement to the release, a creditor or interest holder must receive independent, valuable consideration for there to be a valid settlement. *Bigler*, 442 B.R. 537, 543-5; *see also In re Arrowmill Dev. Corp.*, 211 B.R. 497, 506-07 (Bankr. D.N.J. 1997). Debtors have not demonstrated what independent, valuable consideration has been provided by or to the Released, Related and Exculpated Parties in paragraph 19, 20 and 21. Absent proof and evidence of same, the Third Amended Plan should not be confirmed.

**D.    The Release Provisions are Overbroad and Certain Release Provisions Operate to Release Potential Claims Arising from Gross Negligence, Intentional Misconduct and Actual Fraud**

25.    The Debtors must prove how the proposed third party releases, exculpations and injunctions the Debtors propose meet the requirements set forth by Fifth Circuit case law.  The Debtors have not demonstrated in any way, nor to any degree, the appropriateness of the proposed provisions.  The Fifth Circuit Court of Appeals has held that non-consensual, non-debtor releases

and injunctions are prohibited under section 524(e) and must be struck from plans. *In re Pacific Lumber Co.*, 584 F.3d 229, 252-53 (5th Cir. 2009). In *Pacific Lumber Co.*, the Fifth Circuit evaluated a plan that released and exculpated various parties from liability relating to proposing, implementing, and administering the plan, other than for gross negligence and willful misconduct. It further clearly stated its view:

> In a variety of contexts, this court has held that Section 524(e) only releases the debtor, not co-liable third parties. *See, e.g., In re Coho Resources, Inc.,* 345 F.3d 338, 342 (5th Cir. 2003); *Hall v. National Gypsum Co.,* 105 F.3d 225, 229 (5th Cir. 1997); *Matter of Edgeworth,* 993 F.2d 51, 53-54 (5th Cir. 1993); *Feld v. Zale Corporation,* 62 F.3d 746 (5th Cir. 1995). These cases seem broadly to foreclose non-consensual non-debtor releases and permanent injunctions.

> MRC/Marathon suggests we adopt a more lenient approach to non-debtor releases taken by other courts. . .   Besides conflicting with *Feld v. Zale Corp.*, these cases all concerned global settlements of mass claims against the debtors and co-liable parties. . . . In fact, the Bankruptcy Code now permits bankruptcy courts to enjoin third-party asbestos claims under certain circumstances, 11 U.S.C. § 524(g), which suggests non-debtor releases are most appropriate as a method to channel mass claims toward a specific pool of assets. . . .  There are no allegations in this record that either MRC/Marathon or their or the Debtor's officers or directors were jointly liable for any of [the debtors'] pre-petition debt.  They are not guarantors or sureties, nor are they insurers.  Instead, the essential function of the exculpation clause proposed here is to absolve the released parties from any negligent conduct that occurred during the course of the bankruptcy.  The fresh start § 524(e) provides to debtors is not intended to serve this purpose.

In re Pacific Lumber Co., 584 F.3d at 252.

26.    Additionally, the Court in Pacific Lumber specifically held that the fresh start of section 524(e) provided to debtors is not intended to serve this purpose of releasing parties from any negligent conduct that occurred during the course of the bankruptcy. Id. at 252-53.  The Fifth Circuit further held that only the creditors' committee and its members, as the only disinterested volunteers, could obtain a release under this provision, and struck the provision as to all other parties. Id.  See also *In re Vitro S.A.B. de CV*, 701 F.3d 1031 (5th Cir. 2012); *In re Bigler LP*, 442 B.R. 537 (Bankr. S.D. Tex. 2010); and *In re Patriot Place, Ltd.*, 486 B.R. 773 (Bankr. W.D. Tex. 2013).

27.    Section 524(e) of the Bankruptcy Code prohibits the release and permanent injunction of claims against non-debtors in most circumstances.  See 11 U.S.C. § 524(e) ("Except as provided in subsection (a)(3) . . . discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.").  Coupled with the

interpretation of this code section by the Fifth Circuit, the Third Amended Plan and the overly broad release, injunction and exculpation clauses do not appear to be supported by any legal basis.

28.     As reflected above, the Release Provisions broadly operate to effectively immunize a host of non-debtor third parties from any and all claims.  Debtors must establish why these provision are acceptable under current law. Additionally the sections entitled <u>Releases by the Debtors</u> and <u>Releases by Holders of Claims and Interests</u> do not carve out potential claims arising out of gross negligence, intentional misconduct or actual fraud.  At a minimum, public policy dictates Debtors should demonstrate why claims of this nature are not excluded from the Releases.

## V.     <u>Reservation of Rights</u>

29.     The Acting United States Trustee reserves his rights to object to other deficiencies or amendments at the hearing on the Revised Amended Plan.  Moreover, the United States Trustee is concerned that to the extent that amendments to the Revised Amended Plan are filed after the objection deadlines or before hearings, that the parties will be deprived of proper notice as required under Bankruptcy Rule 2002; accordingly, the Acting United States Trustee also reserves his rights to object on the grounds that any amendments should require proper notice under the Bankruptcy Rules with adequate time to object.

**WHEREFORE,** the Acting United States Trustee respectfully requests that this Court enter an order which denies confirmation until the Debtors cure the defects cited herein, provide the additional information and disclosures needed and otherwise cure the objections presented herein and for any and all further relief as may be equitable and just.

Dated: June 4, 2019                              Respectfully Submitted,

                                                 HENRY G. HOBBS, JR.
                                                 ACTING UNITED STATES TRUSTEE

                                                 By: <u>/s/ Stephen D. Statham</u>
                                                 Stephen D. Statham, Trial Attorney
                                                 Texas Bar No. 19082500
                                                 515 Rusk, Suite 3516
                                                 Houston, TX 77002
                                                 Telephone:  (713) 718-4650 x 242
                                                 Facsimile:  (713) 718-4670

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and correct copy of the foregoing was served by electronic means on all PACER participants on this 4th day of June, 2019.

/s/ Stephen D. Statham
Stephen D. Statham, Trial Attorney
